787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ERVIN SHIMMAN, Plaintiff-Appellant,
v.
FRANK J. MILLER, Individually and as Business Manager and
Editor of the Buckeye Engineer Local Union No. 18,
et al., Defendants-Appellees.
 85-3317
 United States Court of Appeals, Sixth Circuit.
 3/4/86
 
 REVERSED AND REMANDED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: LIVELY, Chief Judge; MERRITT, and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from an order of the district court dismissing his complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. No matters outside the complaint were presented to the district court.
 
 
 2
 The plaintiff is a member of Local Union No. 18, International Union of Operating Engineers and in his complaint he sought an injunction requiring the defendant Miller, business manager of Local 18 and editor of its house organ, Buckeye Engineer, to cease the practice of failing and refusing to publish letters of the plaintiff in the Buckeye Engineer on the basis of their content. In his complaint, at paragraph 19, the plaintiff stated: 'At all times relevant herein the Buckeye Engineer has published articles and letters by members of 'Local 18'.' In its opinion granting the defendants' motion to dismiss the complaint the district court stated:
 
 
 3
 Unlike the union's magazine in Knox [Knox County Local, National Rural Letter Carriers' Ass'n. v. National Rural Letter Carriers' Ass'n., 720 F.2d 936 (6th Cir. 1984)], Local 18 has not opened the Buckeye Engineer to the speech of either merchants or the members. The Buckeye Engineer publishes neither paid advertisements nor opinions of its members. In view of Local 18's policy of not using the Buckeye Engineer as a 'public forum,' defendants [sic] refusal to publish plaintiff's letter does not constitute an unreasonable act of censorship in derogation of plaintiff's rights under Sec. 411(a)(2).
 
 
 4
 In ruling on a motion to dismiss a complaint under Rule 12(b)(6) the district court must accept as true every well pled allegation of the complaint and is not permitted to make a finding of fact contrary to an allegation of the complaint. In this case the defendants did not file a motion for summary judgment or any matters outside the pleading upon which the district court could treat the Rule 12(b)(6) motion as a motion for summary judgment. Under these circumstances this court must reverse the judgment of the district court and remand for further development of the record and such further proceedings as may be required. Our reversal neither decides any issue on the merits nor implies a decision if the merits were before us.
 
 
 5
 The judgment of the district court is reversed, and the case is remanded for further proceedings.